CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 1 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STANLEY MATTHEW BLACK,<br>    Plaintiff, | Civil Action No. 7:07-cv-00205 |
| v. | **MEMORANDUM OPINION** |
| CIRCUIT COURT OF WYTHE<br>COUNTY, et al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Stanley Matthew Black, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that he did not get a speedy trial. He sues the Wythe County Circuit Court and Judge Campbell of that court, seeking to have his conviction expunged and to recover monetary damages for his prison time and court costs. Upon review of the complaint, the court finds that as his allegations fail to state any claim upon which he is entitled to relief, this case must be dismissed without prejudice, pursuant to 28 U.S.C. §1915A.[1]

Black alleges the following sequence of events from which his claims arise. In October 2004, he was indicted and incarcerated on charges of distribution of a controlled substance. He asserts that he never agreed to any continuance of his trial on the drug charges. At a March 2005 court appearance, Black expressly informed the court that he had no desire for any continuances and wished to proceed to trial. He later wrote letters to the court and its officers, to Judge Campbell and the attorneys involved in his case, informing them of his wish for a speedy trial, with no

---

[1] Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

1

continuances. Black asserts that he was not returned to court until April 7, 2005, which was outside the statutory period under Virginia's speedy trial statute. He pled guilty and was sentenced to one year and three months in prison and five years probation; he was also ordered to pay restitution and court costs. He now sues the court and the judge under § 1983 for failing to ensure that he received a speedy trial.

As an initial matter, the court must dismiss Black's case to the extent that he seeks to expunge his conviction. Black may not use a civil rights action to overturn his state criminal conviction and sentence. To challenge the validity of the state criminal judgment and seek its expungement, he must first exhaust state court remedies, pursuant to 28 U.S.C. § 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973). If the state courts fail to grant the relief he seeks, he may then pursue habeas relief in federal court, pursuant to § 2254(d). Black fails to offer any indication in his current pleadings that he has presented his claims to any state court as required for exhaustion, pursuant to § 2254(b). Therefore, the court will dismiss without prejudice all claims challenging the fact or length of his confinement or seeking expungement of his conviction or sentence.[2]

Black's claims for damages are properly brought under § 1983. They must be dismissed, however, as he fails to state any claim for relief under this statute. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct

---

[2]Even if Black could prove exhaustion of state court remedies, the only claim raised in his current petition does not entitle him to habeas relief. A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). All the alleged speedy trial issues arose before Black entered his guilty plea, and Black does not challenge the validity of his plea itself. His valid guilty plea serves to bar habeas review of the speedy trial claims.

2

Case 7:07-cv-00205-JCT-mfu   Document 5   Filed 05/01/07   Page 2 of 3   Pageid#: 12

committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A circuit court is not a "person" subject to suit under § 1983. Oliva v. Boyer, 163 F.3d 599, *1 (4th Cir. 1999) (unpublished). See also Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Therefore, Black may not proceed with his claims under § 1983 against the circuit court, and these claims will be dismissed as frivolous, pursuant to § 1915A.

Black's claims against Judge Campbell also fail. Judges have absolute immunity against claims for damages under § 1983 for any actions taken within their judicial capacity. Dennis v. Sparks, 449 U.S. 24, 28-32 (1980). Black's allegations about denial of his speedy trial rights concern actions that Judge Campbell took in his judicial capacity as presider over the criminal proceedings against Black. Therefore, Judge Campbell is absolutely immune to Black's claims for monetary damages arising from these actions. All such claims must be dismissed accordingly, pursuant to § 1915A. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This __1__ day of May, 2007.

/s/ James C. Turk
Senior United States District Judge

3

Case 7:07-cv-00205-JCT-mfu   Document 5   Filed 05/01/07   Page 3 of 3   Pageid#: 13